(95 South. 714)

No. 25697.

## STATE v. NICHOLS.

(Feb. 26, 1923.)

*(Syllabus by Editorial Staff.)*

1. **Jury ⬤64—Commission held to have substantially complied with statute in selecting names for venire list.**

The statute was substantially complied with by the jury commission in selecting names for venire list where they removed from original list and from venire box names of those who had served, died, removed, or become exempt or disqualified, and substituted sufficient number of other qualified jurors.

2. **Grand jury ⬤16—Jury ⬤82(1)—Irregularities in selection not ground for quashing venires in absence of fraud or prejudice.**

Under Act No. 135 of 1898, § 15, irregularities in the selection of grand and petit juries were not ground for quashing the venire where it was not shown that any fraud was practiced or wrong committed prejudicial to defendant.

Appeal from Twelfth Judicial District Court, Parish of Sabine; John H. Boone, Judge.

Charles Nichols was convicted of shooting with intent to kill, and he appeals. Affirmed.

R. A. Fraser, of Many, and Lee & Bell, of Mansfield, for appellant.

A. V. Coco, Atty. Gen., John B. Hill, Dist. Atty., of Many (T. S. Walmsley, of New Orleans, of counsel), for the State.

ROGERS, J. Defendant was indicted and tried for the crime of shooting with intent to murder, and found guilty of shooting with intent to kill. He prosecutes this appeal, relying on three bills of exception directed principally at the manner in which the grand and petit juries had been drawn. The contention of apppellant, briefly stated, is that the jury commission failed to carry out the provisions of the law regulating the manner of the selection of juries: (1) In that it failed to select at its first meeting a list of 300 names; (2) that if said names were so selected no list thereof was made; (3) that the list, if made, was locked and sealed in the venire box, which prevented the public from inspecting it; (4) that no detailed procès verbal of the action of the jury commission was made, and that the procès verbals were never recorded in a book provided for that purpose; (5) and that the failure to comply with these mandatory provisions of the law strikes all of the proceedings of the jury commission, from the date of its first meeting, with nullity, and that the attempt made by said commission to draw the petit jury by which defendant was afterwards tried and convicted was not in compliance with the provisions of the law.

[1] The jury commissioners who selected the grand jury that returned the indictment against the appellant were appointed and qualified on June 1, 1920, and held their first meeting on September 29, 1920. At this meeting according to the procès verbal thereof, the commission, "after examining the original venire list and striking therefrom the names of all persons who served at the last term of court, as well as the names of those who are known to have died, removed from the parish, become exempt, or disqualified to serve as jurors since their names were entered thereon, and, after having also taken said names from the general venire box, the said commission did then and there supplement said original venire list and the ballots in the general venire box with the names of the same number of good men and true from among the qualified jurors of said parish as were so erased and taken from the box, so as to keep the number of names in the general venire box and on the general venire list at the original standard of 300 names."

While the action of the jury commission

in selecting the names for the original venire list may not have been in literal compliance with the terms of the statute, it was, at least, a substantial compliance therewith in that it resulted in the selection of 300 qualified jurors and maintained the standard of the number and quality of jurors required by law.

The clerk of court kept a record of the list of 300 names found in the jury box and also the procès verbals of the meetings of the jury commission. While the law seems to require that the procès verbals of the jury commission should be kept in a book, there does not appear to be any provision requiring the list of jurors to be recorded in a book, other than such recordation as would result from the inclusion of the names of the jurors in the procès verbals of the meetings of the jury commission.

The names of the grand and petit jurors were kept on file in the clerk's office for inspection, and were duly published, so that all parties accused knew or could have ascertained their names.

The certificate of the clerk of court shows that the jury commissioners were given due notice to appear at the drawing of the petit jury.

The regular jury panel was not exhausted in obtaining a jury of five to try the defendant, who did not exhaust his challenges.

The first week of the term of court was grand jury week, and began on October 16, 1922. The panel out of which was drawn the jury to try defendant was drawn and summoned for the week beginning October 23, 1923, which was the beginning of the second week of that particular term of court.

[2] Under the express terms of the statute itself a venire is not to be quashed merely for irregularities or for the noncompliance with the literal requirements of the law, in the matter of selecting and summoning jurors unless fraud has been practiced or some great wrong has been committed which would work irreparable injury. Section 15, Act 135, of 1898. State v. Batson, 108 La. 479, 32 South. 478.

Admitting the irregularities complained of in the selection of the grand and petit juries, defendant has not shown any fraud practiced or wrong committed prejudicial to his rights. At best the injury which he suffered, if any, was merely constructive, and not actual.

Judgment affirmed.